UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ZACHARY CLARK | ) | |
| | ) | |
| Plaintiff, | ) | Case: 2:23-cv-02092 |
| | ) | |
| v. | ) | |
| | ) | |
| PRAIRIE WINDS OF URBANA, LLC, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

# COMPLAINT

Plaintiff, Zachary Clark ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Prairie Winds of Urbana, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") for Defendant's sex-based discrimination against Plaintiff, Defendant's retaliation against Plaintiff, and for subjecting Plaintiff to sex-based harassment in violation of Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.*

3. Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex (gender identity) and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff resides in Champaign County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant is a limited liability company doing business in and for Champaign County whose address is 1905 Prairie Winds Dr. Urbana, IL 61802.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. Plaintiff was hired by Defendant as Certified Nursing Assistant on June 9, 2022.

12. Plaintiff was subjected to sex discrimination and sex-based harassment to the point that Plaintiff reported it to Director of Nursing, Jeff.

13. Plaintiff's identifies as transgender female.

14. Upon Plaintiff being hired, Plaintiff disclosed to Defendant about her gender identity.

15. Plaintiff was on boarded and began working regular full-time hours.

16. Regardless of Plaintiff's gender identity, Plaintiff was an exemplary employee.

17. To note, Defendant has an obligation under Title VII to maintain a workplace free from sex-based harassment.

18. Very shortly after being hired, the residents of Prairie Winds of Urbana LP, began harassing Plaintiff on the basis of her gender identity.

19. Several of the resident's would scream at Plaintiff during the workday with derogatory comments including but not limited to, "I don't want THAT in here", "That THING should not be allowed to work here", and "Yuck, it's still here".

20. As a result, Plaintiff's ongoing trauma due to the harassment only grew worse when coworkers started subjecting Plaintiff to sex-based harassment.

21. On or about June 16, 2022, another CNA (name unknown) would intentionally mis-gendered Plaintiff (i.e. Call me sir orMr.).

22. The intentional mis-gendering was an everyday occurrence.

23. Plaintiff has a history of Depression and the intentionally mis-gendering and the constant derogatory comments made by the residents exacerbated her mental health.

24.     At the very least, Plaintiff dreaded going to work, but she needed the job to survive.

25.     Despite Plaintiff's fear of retaliation, Plaintiff simply could not take the harassment anymore, so Plaintiff reported the intentional mis-gendering and the other sex-based harassment from the residents to the Director of Nursing, Jeff (last name unknown).

26.     Jeff said, "There is nothing I can do, this is their home."

27.     To the contrary, Jeff is obligated to investigate and take appropriate remedial measures to prevent Plaintiff from being subjected to further sex-based discrimination.

28.     Jeff did not investigate or take any remedial measures.

29.     Plaintiff even pleaded to Jeff to at least talk one particular resident that was extremely abusive to her, and Jeff said no.

30.     Nothing was done regarding Plaintiff's co-worker either.

31.     Shortly thereafter, Jeff started nitpicking Plaintiff's work and treating Plaintiff differently than before her complaint.

32.     On or about July 7, 2022, the Director of Nursing, Jeff, terminated Plainitff for declining to work past my eight hour shift which was not required because another CNA was coming in for that shift.

33.     Prior to this, Plaintiff had no write-ups or disciplinary actions against her.

34.     Plaintiff's termination was in direct retaliation for making her complaints known and opposing sex-based.

35.     Plaintiff would not have been terminated but for her gender identity.

36.     As a direct and proximate result of the sex-based discrimination, sex-based harassment and retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to

suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Harassment)

37. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her gender identity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

39. Defendant knew or should have known of the harassment.

40. The sex-based harassment was severe or pervasive.

41. The sex-based harassment was offensive subjectively and objectively.

42. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her gender identity.

43. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

44. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

45. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

46. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her gender identity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

47. Due to Defendant's treating Plaintiff less favorably than similarly situated employees outside her protected class Plaintiff was terminated on the basis of her gender identity.

48. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

49. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

50. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

51. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

52. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

53. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sex-based harassment which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

54. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

55. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

56. Defendant also failed to take necessary precautions to prevent further recurrences

of the discriminatory and harassing conduct complained of by Plaintiff.

57. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sex-based harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

58. Plaintiff was subjected to an adverse employment action (termination) for engaging in protected activity under Title VII.

59. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

60. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Liquidated damages;

h. Punitive damages;

i. Reasonable attorney's fees and costs; and

j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 19th day of April, 2023.

/s/ *Mohammed Badwan*
**Mohammed Badwan, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
E-mail: mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*